**FILED**
**Mar 31, 2022**
**03:17 PM(ET)**
TENNESSEE COURT OF
WORKERS' COMPENSATION
CLAIMS



## TENNESSE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT CHATTANOOGA

| | | |
|---|---|---|
| **Ronnie Slater,** | ) | **Docket No.: 2020-01-0512** |
| **Employee,** | ) | |
| **v.** | ) | |
| **ADECCO USA, Inc.,** | ) | **State File No.: 49580-2020** |
| **Employer,** | ) | |
| **And** | ) | |
| **New Hampshire Insurance Company,** | ) | **Judge Thomas Wyatt** |
| **Carrier.** | ) | |

## EXPEDITED HEARING ORDER

On March 28, 2022, the Court held an Expedited Hearing on Ronnie Slater's request for temporary disability benefits and payment of continuing disability benefits. He also seeks penalties for ADECCO USA, Inc.'s delays in paying the requested benefits and providing panels for psychiatric and orthopedic referrals made by the authorized treating physician.[1]

ADECCO argued that Mr. Slater did not prove entitlement to temporary disability benefits. It stated it would pay the continuing benefits but did not explain why it had not done so. ADECCO also said it reasonably delayed providing psychiatric and orthopedic panels because of valid causation questions.

For the reasons below, the Court awards Mr. Slater payment of sixty days of continuing disability benefits. The Court declines to award temporary disability benefits or refer this case for consideration of a penalty.

### History of Claim

ADECCO, a temporary employment agency, placed Mr. Slater in a textile plant where, on January 20, 2020, he injured his back. ADECCO accepted the claim and

---

[1] He deferred his claim for attorney's fees to a later hearing.

1

authorized treatment by orthopedist Dr. Alex Sielatycki, who performed surgery in September.

The treatment notes from a November 2020 visit with Dr. Sielatycki said that Mr. Slater was "conversant, pleasant, and with appropriate effect. Alert and oriented x3." However, five days later, he signed a psychiatric referral because Mr. Slater "is reporting depression and anger after back surgery."

In January 2021, Mr. Slater sought treatment at an urgent care clinic for a fall he sustained while performing transitional work assigned him by ADECCO at the Chattanooga Food Bank. Mr. Slater testified that he fell when his feet wedged between two pallets. The clinic noted Mr. Slater's history of back and bilateral-leg pain, but no left-knee pain.

In February, Dr. Sielatycki noted that Mr. Slater reported more back and left-leg pain, but not left-knee pain, after the fall at the food bank. The notes also said that Mr. Slater became tearful when describing his homelessness after his daughter asked him to move out.[2] Dr. Sielatycki then submitted another psychiatric referral for "major depressive disorder, single episode, unspecified."

On March 9, Dr. Sielatycki responded to a December 2020 causation inquiry submitted by ADECCO's counsel. He checked "unable to determine" in response to whether Mr. Slater's work-related back injury prompted his second psychiatric referral.

At a May visit, Dr. Sielatycki said that Mr. Slater reported a lot of stress, including from not working, but no depression or anxiety. After acknowledging his previous psychiatric referrals were not approved because Mr. Slater's depression "was not work-related," Dr. Sielatycki wrote: "I do believe his injury, with need for surgery, subsequent hospitalizations, and inability to work have contributed to his psychiatric distress and depression." He made another psychiatric referral "due to continued stress and depressive moods due to surgery, hospitalizations and inability to work."

In September, Dr. Sielatycki recorded continuing back pain and left-foot numbness but, again, no depression or anxiety. He wrote that Mr. Slater complained of left-knee pain with crepitus but no history of an inciting event. Dr. Sielatycki placed Mr. Slater at maximum medical improvement for his back but referred him for treatment of his knee. He assigned Mr. Slater a 13% impairment for his spinal condition and ordered a functional capacity evaluation with permanent restrictions to be assigned "per the FCE."

---

[2] Mr. Slater stated this occurred after he returned home from hospitalization for COVID-19. He said he contracted COVID-19 while working for ADECCO at the food bank.

2

In January 2022, Dr. Sielatycki responded to a causation letter from Mr. Slater's counsel. He checked "Yes" when asked whether Mr. Slater's work injury "contribute[d] more than 50% to primarily result in a mental health issue to Mr. Slater." Dr. Sielatycki wrote that Mr. Slater had "depression/anger [and] [f]eelings of uselessness." He concluded that, "I consider his depressed state to be related to his injury and difficulty at work."[3]

Mr. Slater sought temporary disability benefits since the date of maximum medical improvement of his back injury because he has not worked, has not received treatment for his psychiatric and left-knee conditions, and has remained under restrictions (limitation to work in the light-medium category) stated in the functional capacity evaluation.[4] ADECCO argued that Mr. Slater did not prove that his psychiatric and left-knee conditions affected the functional capacity evaluation restrictions, as those conditions were unrelated to his compensable back injury.

During a hearing on February 23, Mr. Slater said he had requested, but not received, continuing disability benefits after the date he attained maximum medical improvement from his back injury.[5] ADECCO did not explain why it had not paid continuing disability payments before the Expedited Hearing.

ADECCO sent the psychiatric and orthopedic panels to Mr. Slater's counsel less than a week after the Expedited Hearing. Mr. Slater selected a physician to treat his knee but objected to the psychiatric panel. ADECCO submitted a second psychiatric panel on the morning of the hearing, and Mr. Slater is considering whether to select a psychiatrist from that panel. He asked the Court to refer ADECCO for consideration of a penalty for its delay in providing the panels, and for delaying payment of temporary and continuing disability benefits.

The parties stipulated to the compensability of Mr. Slater's back injury and to a compensation rate of $186.67 per week.

### Findings of Fact and Conclusions of Law

Mr. Slater must show that he will likely prevail in proving his entitlement to temporary disability benefits at a hearing on the merits. Tenn. Code Ann. § 50-6-239(d)(1) (2021). Since he seeks temporary disability benefits after the date he attained maximum medical improvement for his back injury, he must show that restrictions from his alleged

---

[3] ADECCO objected to hearsay contained in the facts that Mr. Slater asked Dr. Sielatycki to consider in giving his causation opinion.

[4] Mr. Slater reported to the functional capacity evaluator that he had back symptoms, balance problems, and left-knee pain on the date of that examination.

[5] Mr. Slater did not provide evidence as to when he first made the request for the advance payment.

psychiatric and/or left-knee injuries entitle him to further temporary disability benefits. *See Simpson v. Satterfield,* 564 S.W.2d 953, 955 (Tenn. 1978).

Mr. Slater failed to carry this burden, as no physician took him off work for these conditions. Further, the only evidence regarding restrictions is the functional capacity evaluation report, which does not specify whether the given restrictions relate to Mr. Slater's back injury, knee condition, and/or his psychiatric condition. The Court therefore denies his claim for temporary disability benefits.

As for his requested continuing disability benefits, Tennessee Code Annotated section 50-6-234(b) requires continuation of disability benefit payments after an employee attains maximum medical improvement if the employer does not contest compensability and the employee has not returned to or rejected a job within his restrictions that pays his pre-injury wages. The period of the continued payments cannot exceed sixty days.

Here, ADECCO does not dispute the compensability of Mr. Slater's back injury, and he has not returned to work since he attained maximum medical improvement last September. ADECCO said it intends to pay the continuing benefits in a lump sum but did not explain why it has not made the payment in the six months since Mr. Slater reached maximum medical improvement. The Court orders ADECCO to pay Mr. Slater sixty days of continuing disability benefits, or $1,540.20, based on his compensation rate of $186.67.

Finally, as to penalties, Tennessee Code Annotated section 50-6-118 authorizes the Court to refer an employer to the Bureau's Compliance Program for consideration of an administrative penalty when the employer fails to provide medical treatment or timely provide a panel of physicians. While the statute authorizes a penalty referral for failure to timely pay temporary total disability benefits, it does not authorize a penalty referral for an employer's failure to timely pay continuing disability benefits under section 50-6-234. So, the Court declines to refer ADECCO for a penalty for not making continuing disability payments.

This leaves only ADECCO's failure to provide psychiatric and left-knee panels until the week before the hearing. Regarding the psychiatric panel, Dr. Sielatycki first stated he could not determine if Mr. Slater's alleged psychiatric condition was work-related. Although he later changed his opinion, the Court holds that ADECCO's delay of two months in offering a panel, while not ideal, was reasonable in view of Dr. Sielatycki's differing causation opinions. The Court also holds ADECCO's delay in offering the left-knee panel was reasonable because the mechanism of injury that Mr. Slater described—falling because he wedged his feet between two pallets—justified ADECCO in questioning the relationship between that injury and Mr. Slater's back injury.

**IT IS, THEREFORE, ORDERED** as follows:

1. ADECCO shall pay continuing disability benefits in the amount of $1,540.20 under Tennessee Code Annotated section 50-6-234.

2. The Court denies Mr. Slater's claim for temporary disability benefits at this time.

3. The Court declines to refer ADECCO to the Bureau's Compliance Program for consideration of an administrative penalty.

4. This case is set for a Status Hearing on **June 16, 2022, at 2:00 p.m. Eastern Time**. You must call (615) 741-3061 or toll-free at (855) 747-1721. Failure to call may result in a determination of the issues without your participation.

5. **Unless interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3). The Insurer or Self-Insured Employer must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order. Failure to submit the necessary confirmation within the period of compliance may result in a penalty assessment for non-compliance.**

6. For questions regarding compliance, please contact the Workers' Compensation Compliance Unit via email WCCompliance.Program@tn.gov.

**ENTERED March 31, 2022.**

_Thomas Wyatt_
_____
**Judge Thomas Wyatt**
**Court of Workers' Compensation Claims**

# APPENDIX

Exhibits:

1. Affidavit of Ronnie Slater
2. Pain Management Panel signed by Mr. Slater
3. Chiropractic Panel signed by Mr. Slater
4. Final Medical Report
5. Functional Capacity Evaluation report
6. Medical records compilation
   - Workforce Corporate Health
   - Dr. Shay Richardson
   - Dr. Alex Sielatycki
   - AFC Urgent Care
   - Dr. Steven Musick
7. Chattanooga Food Bank incident report (marked for identification only—hearsay objection sustained)
8. Dr. Sielatycki's responses to ADECCO's causation inquiry on mental injury
9. Knee panel signed by Mr. Slater
10. Medical bill (marked for identification only—hearsay objection sustained)

Technical record:

1. Petition for Benefit Determination
2. Order Allowing Substitution of Counsel
3. Dispute Certification Notice
4. Employer's Additional Issues
5. Employee's Additional Issues
6. Employer's Mediation Position Statement
7. Request for Expedited Hearing
8. Employee's Brief Supporting Request for Expedited Hearing
9. Employer's Response to Expedited Hearing Request
10. Notice of Filing of Panels of Physicians
11. Employee's Response to Employer's Notice of Filing of Panels of Physicians
12. Employer's Response to Employee's Responses to Employer's Notice of Filing of Panels of Physicians
13. Supplement to Employee's Response to Employer's Notice Filing of Panels of Physicians
14. Revised Notice of Filing Panel of Physicians

## <u>CERTIFICATE OF SERVICE</u>

I certify that a copy of the Order was sent as indicated on March 31, 2022.

| Name | Certified Mail | Email | Service sent to: |
|------|---------|-------|------------------|
| Carmen Ware<br>Employee's Attorney | | X | cyware@thewarelawfirm.com |
| Kristen Stevenson<br>Employer's Attorney | | X | kcstevenson@mijs.com<br>ssshell@mijs.com |

_____
**Penny Shrum, Court Clerk**
Wc.courtclerk@tn.gov